UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CESAR DAVID QUIROZ
FUENMAYOR,

Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTION CENTER,

Respondent.

No.  1:26-cv-03341-DAD-JDP (HC)

ORDER GRANTING PETITION FOR WRIT
OF *HABEAS CORPUS* AND DENYING
MOTION FOR A TEMPORARY
RESTRAINING ORDER AS MOOT

(Doc. No. 1)

On May 1, 2026, petitioner Cesar David Quiroz Fuenmayor, A-File No. 218-126-921, proceeding *pro se*, filed a combined petition for writ of *habeas corpus* and motion for temporary restraining order.  (Doc. No. 1.)[1]  On May 6, 2026, the court issued an order directing respondent to file an opposition to the pending motion wherein respondent would indicate whether this case is substantively distinguishable from the circumstances addressed in the court's cited prior orders. (Doc. No. 4.)  In the same order, the court indicated that it would rule on the merits of the underlying petition if the court determined that petitioner was entitled to a temporary restraining order.  (*Id.*)  Respondents were directed to indicate if they objected to the court doing so and, if they did, to provide substantive reasons in support of that opposition.  (Id.)

---

[1]  In that same filing, petitioner moved to proceed *in forma pauperis*.  (Doc. No. 1 at 7.) That application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2) and is granted.

1

On the same day, respondent filed an opposition, conceding therein that petitioner is detained pursuant to 8 U.S.C. § 1226(a), but nonetheless arguing that the motion and petition should be denied because petitioner has failed to exhaust his administrative remedies by filing the petition and motion before seeking a bond hearing with an IJ. (*Id.* at 1–4.) Respondent has further indicated that respondent does not oppose the court "resolving the case on the merits of the petition." (*Id.* at 2.)

Petitioner is a citizen of Venezuela who lawfully entered the United States on or about September 30, 2019 on a non-immigrant B2 visitor visa that expired on March 29, 2020. (Doc. No. 5-1 at 2–3.) Petitioner remained in the United States thereafter and was granted Temporary Protective Status,[2] ("TPS") which was terminated in 2025. (*Id.*) Petitioner contends that he has applied for asylum and had his application approved (Doc. No. 1 at ¶ 11), but respondent indicates it has been unable to locate any documentation to verify this claim (Doc. No. 5 at 2).

On or about March 22, 2026, border patrol agents conducted a records check of a vehicle, which revealed that petitioner was the registered owner and he lacked documentation that authorized his presence in the United States. (Doc. No. 5-1 at 2.) While petitioner was in the driver seat of the vehicle, the agents approached him and questioned petitioner about his immigration status after identifying themselves as federal agents. (*Id.*) After the agents confirmed that petitioner's TPS status had terminated, they informed petitioner that he was under arrest. (*Id.*) The agents allege that petitioner attempted to flee from the scene but he was ultimately apprehended and transported to a border patrol station for further processing. (*Id.*)

The court rejects respondents' argument regarding exhaustion because petitioner is also challenging the deprivation of his liberty, which implicates pre-detention circumstances that the

---

[2] "Pursuant to the TPS statute, 8 U.S.C. § 1254a, the DHS Secretary may designate a foreign state for TPS when nationals of that state cannot return there safely due to armed conflict, natural disaster, or other 'extraordinary and temporary conditions,' unless the Secretary 'finds that permitting the [noncitizens] to remain temporarily in the United States is contrary to the national interest of the United States.'" *Nat'l TPS All. v. Noem*, 150 F.4th 1000, 1010 (9th Cir. 2025) (alteration in original) (quoting 8 U.S.C. § 1254a(b)(1)(C)). At present, Venezuela's designation for TPS status has been revoked since 2025. *Vargas Sivira v. Noem*, No. 1:25-cv-01987-KES-EPG-HC, 2026 WL 221778, at *1 n.1 (E.D. Cal. Jan. 28, 2026), *report and recommendation adopted*, No. 1:25-cv-01987-KES-EPG (HC), 2026 WL 288172 (E.D. Cal. Feb. 3, 2026).

administrative remedies cannot address.  *See Lucena-Ojeda v. Noem*, No. 2:26-cv-00085-BAT, 2026 WL 279353, at *2 (W.D. Wash. Feb. 3, 2026) ("The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty.") (citation omitted).  Further, the evidence before the court indicates that petitioner was not arrested pursuant to a warrant, and respondents have offered no argument justifying his  arrest without one.  The government's actions in this regard violates the requirements of § 1226(a), and the proper remedy under the circumstances is to order petitioner's immediate release from respondent's custody.[3]  *A.E.R.T. v. Wofford*, No. 1:25-cv-01824-KES-SKO (HC), 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025) ("When the government detained petitioner, it also did not comply with the terms of 8 U.S.C. § 1226 (a), and there is no evidence in the record that petitioner was arrested pursuant to a warrant as required by § 1226(a).  Petitioner's immediate release is the appropriate remedy.").

For the reasons above,

    1.    Petitioner Cesar David Quiroz Fuenmayor, A-File No. 218-126-921, petition for writ of *habeas corpus*, motion to proceed *in forma pauperis*, and motion for temporary restraining order (Doc. No. 1) is GRANTED in part:

    a.    The petition for writ of *habeas corpus* is GRANTED as follows:

    i.    Respondent is ORDERED to immediately release petitioner Cesar David Quiroz Fuenmayor, A-File No. 218-126-921, from respondent's custody; and

/////

/////

---

[3]  The court acknowledges that a warrant and notice to appear were placed into petitioner's I-213 file on the date of his arrest. (Doc. No. 5-1 at 1.)  However, in light of the events leading up to petitioner's arrest, the court draws the reasonable inference that this was an administrative warrant issued after petitioner was taken into custody, which fails to satisfy the requirements of § 1226(a).  *Fla. v. United States*, 660 F. Supp. 3d 1239, 1277 (N.D. Fla. 2023) (concluding that § 1226(a) is not satisfied where the government adds an administrative warrant into the detainee's file after arresting the detainee).

3

          ii.        Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge pursuant to § 1226(a);

    b.    Petitioner's application to proceed *in forma pauperis* is GRANTED; and

    c.    Petitioner's motion for temporary restraining order is DENIED as having been rendered moot by this order granting his petition for writ of *habeas corpus;*

2. The Clerk of the Court is directed to serve the California City Immigration Processing Center with a copy of this order; and

3. The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 8, 2026**               _Dale A. Drozd_____

                                          DALE A. DROZD
                                          UNITED STATES DISTRICT JUDGE